UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ANONYMOUS,

                Plaintiff,

   - against -

ARNOLD SIMON,

                Defendant.

------------------------------------------X

13 Civ. 2927 (RWS)

OPINION

A P P E A R A N C E S:

Attorney for Plaintiff

LEVINE & BLIT, PLLC
350 Fifth Avenue, Suite 6902
New York, NY 10118
By: Matthew J. Blit, Esq.
    Justin S. Clark, Esq.


Attorney for Defendant

LAW OFFICE OF ROBERT J. TOLCHIN, ESQ.
225 Broadway, 24th Floor
New York, NY 10007
By: Robert J. Tolchin, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/13

**Sweet, D.J.**

The defendant, Arnold Simon ("Simon" or "Defendant") has moved pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") to dismiss the complaint ("Complaint") of plaintiff Anonymous[1] ("Anonymous" or "Plaintiff") for failure to state a claim upon which relief can be granted. Defendant has also moved, pursuant to Fed. R. Civ. P. 10 ("Rule 10"), to compel Plaintiff to file an amended complaint containing her name. Based upon the conclusions set forth below, the motion to dismiss is granted, and the motion to compel is denied as moot.

**<u>Prior Proceedings</u>**

In March 2013, Plaintiff filed the Complaint in the Supreme Court of the State of New York (the "State Court"), alleging that Defendant engaged in unprotected sexual intercourse with Plaintiff despite knowing that he was infected with Herpes Simplex II ("HSV-II"), and that Plaintiff

---

[1] Before this action was removed to federal court, Plaintiff filed an order to show cause seeking permission to file her complaint anonymously. The state court granted her request pending a hearing on the order to show cause. The action was removed before the show-cause hearing took place.

1

contracted HSV-II as a result of her sexual encounter with Defendant. Plaintiff asserted three common law causes of action in the Complaint, which, according to Plaintiff, are: negligence or negligence *per se*, intentional infliction of emotional distress and gross negligence. Defendant removed the action to federal court on May 1, 2013 on the basis of diversity.

On May 6, 2013, Defendant moved to compel Plaintiff to file an amended complaint containing her actual name. On May 8, 2013, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6). The motions were heard and marked fully submitted on June 5, 2013.

**The Complaint Fails To State A Claim**

In general, on a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662,

129 S.Ct. 1937, 1949 (2009). Rather, plaintiffs must allege sufficient facts to at least "nudge[ ] their claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The claims asserted by Plaintiff are all founded upon the premise that she did not have HSV-II prior to her encounter with the Defendant. Plaintiff has expressly alleged as such, stating in the Complaint that she "was not infected with [HSV-2] prior to the commencement of her relationship with defendant." Compl. ¶ 14. However, beyond that conclusory statement, Plaintiff has provided no factual support to the contention that she was not infected with HSV-II prior to her encounter with Defendant. Thus, while Plaintiff's allegations certainly render it conceivable that she contracted HSV-II from Defendant, the Complaint is bereft of the factual support that would be necessary to "nudge[] [Plaintiff's claims] across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Since the Complaint "lacks [the] factual support sufficient to meet the Twombly/Iqbal standard of plausibility," it fails to state a claim against Defendant.

3

Drarakis v. ABM Janitorial Svcs.-Ne., Inc., No. 09 Civ. 1884 (LTS), 2011 WL 1219843, at *7 (S.D.N.Y. Mar. 24, 2011); see also Fahs Const. Group, Inc. v. Gray, No. 10 Civ. 0129 (GTS/DEP), 2012 WL 2873532, at *3 (N.D.N.Y. July 12, 2012) ("As the Supreme Court noted in the analogous situation in Twombly, Plaintiff must allege facts plausibly suggesting a plausible claim in order to proceed to discovery and cannot rest its Amended Complaint on the mere hope that the discovery process will provide necessary facts to support its claim.").

**Conclusion**

For the reasons set forth above, the Defendant's motion to dismiss is granted, and the motion to compel is denied as moot. The Complaint is dismissed with leave to replead within twenty days.

It is so ordered.

**New York, NY**
**September  18, 2013**

_____
ROBERT W. SWEET
U.S.D.J.

4