UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ANONYMOUS,

       Plaintiff,

 -against-

ARNOLD H. SIMON,

       Defendant.

------------------------------------------------------------x

Civil Action No.:
13 Civ. 2927 (RWS)

**FIRST AMENDED COMPLAINT**



RECEIVED SEP 23 2013 U.S.D.C. S.D.N.Y. CASHIERS

  Plaintiff, proceeding under the pseudonym ANONYMOUS ("plaintiff"), by and through her attorneys LEVINE & BLIT, PLLC, as and for her Complaint against defendant, ARNOLD H. SIMON ("defendant") alleges the following upon information and belief:

## NATURE OF THE ACTION

  1. This is a civil action brought to remedy defendant's negligent and grossly negligent acts or omissions causing substantial physical and emotional harm to plaintiff as a result of his breach of duty owed to plaintiff and prescribed by New York Public Health Law §2307, and for his extreme and outrageous conduct which caused plaintiff severe emotional distress. Specifically, plaintiff brings the following causes of action against defendant under New York State law: (1) negligence, (2) negligence per se, (3) intentional infliction of emotional distress, (4) gross negligence and (5) fraud.

  2. As a result of defendant's unlawful and tortious conduct, plaintiff has suffered damages in the form of past and future medical treatment and expenses, physical pain and suffering, emotional distress and mental anguish, and loss of enjoyment of life. Plaintiff is entitled to an award of punitive damages as a result of defendant's wanton, willful, and outrageous behavior causing irreparable injury to plaintiff.

1

## JURISDICTION AND VENUE

2. The plaintiff, who wishes to pursue her action under a pseudonym due to her substantial privacy rights involved; specifically, her sexual health and well-being, at all times herein was and still is an individual resident of the County of New York, State of New York.

3. A person's sexual health and well-being is a highly sensitive and personal matter deserving of privacy protections when sought.

4. Plaintiff's causes of action involve no legitimate interest of the general public because her claim does not involve public funds, a federal or state government as a party, or any benefit bestowed upon plaintiff by the government; rather, it is a civil action between two private persons.

5. Defendant is not prejudiced by plaintiff pursuing her claim under a pseudonym because defendant is aware of plaintiff's true identity already.

6. The defendant, ARNOLD H. SIMON, at all times herein mentioned was and still is a resident of the County of Bergen and the State of New Jersey.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims, which are alleged below, occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. At the end of January 2013, defendant contacted plaintiff via an online dating site and an e-mail exchange occurred.

10. On or about February 4, 2013, the parties met at the Surrey Hotel bar located at 20 East 76th Street in the County of New York, State of New York. During this date, defendant bragged about the expense of his clothing, his real estate property, his worldwide rights to several brand names and of being a close personal friend of former U.S. president Bill Clinton. Defendant claimed that the former president had promised to make him the Ambassador to Monaco once Hillary Clinton became the next president.

11. On or about February 10, 2013, a second date took place at Scalinatella Restaurant, 201 East 61st Street, in the County of New York, City and the State of New York. Defendant expressed the desire of purchasing residential property in the County and State of New York and indicated that plaintiff might reside there with defendant.

12. After the above-referenced date, plaintiff and defendant returned to plaintiff's residence where they engaged in an intimate sexual relationship resulting in sexual intercourse.

13. Prior to engaging in an intimate sexual relationship, plaintiff inquired of defendant whether or not he was infected with any sexually transmitted disease. Defendant claimed to have undergone periodic testing, including just recently, for sexually transmitted diseases and denied being infected.

14. Had plaintiff known that defendant was infected with a venereal disease, she would not have had sexual relations with him.

15. Prior to engaging with sexual relations with defendant, plaintiff had not had sexual relations with any other individual for at least a year.

16. On February 17, 2013, plaintiff began experiencing tingling and tenderness in her groin, which, over the next week, eventually developed into severe pain in her groin and intense itching, extreme irritation and swelling in her vaginal area.

17. On February 24, 2013, plaintiff visited her physician who subjected plaintiff to an examination.

18. Plaintiff's physician told plaintiff that she was experiencing an initial outbreak of genital herpes and she had been infected by her most recent sexual partner.

19. According to the Centers for Disease Control and Prevention, genital herpes is a virus that is transmitted through sexual intercourse and symptoms usually appear within two to twelve days of exposure to the virus.

20. Thereafter, plaintiff was subjected to a test for Herpes Simplex II, which confirmed the presence of the infection.

21. Between February 10, 2013 and February 24, 2013, plaintiff had no sexual partners other than defendant.

22. The plaintiff contracted herpes from the defendant during the course of the parties' sexual relationship.

23. At all times material herein, defendant was knowingly afflicted with genital herpes, a highly infectious venereal or sexually transmitted disease.

24. Defendant actively and knowingly withheld information concerning his venereal disease during the course of their relationship.

25. Plaintiff was not infected with this disease prior to the commencement of her relationship with defendant, as her prior tests for sexually transmitted diseases came up negative and she had never experienced the symptoms of genital herpes.

26. After plaintiff learned that defendant was infected with a sexually transmitted disease, she ceased having sexual relations with him.

## AS AND FOR A FIRST CAUSE OF ACTION
(Negligence)

27.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 of the Amended Complaint as if set forth fully herein.

28.     Defendant, who had knowledge of his infection with genital herpes, had a duty to speak to inform plaintiff of his venereal disease before engaging in sexual relations, so as to not cause a foreseeable injury to plaintiff.

29.     Defendant breached his duty by failing to disclose this information to plaintiff prior to engaging in sexual relations with plaintiff.

30.     By reason of the defendant's aforesaid conduct and as a direct and proximate result thereof, plaintiff contracted genital herpes from defendant causing plaintiff to become sick, suffer severe physical pain and emotional distress, and seek medical treatment incurring substantial past and future costs.

31.     Defendant acted intentionally with malice or in the wanton disregard of plaintiff's safety and well-being, which amounts to such gross misconduct, willful fraud and deceit, and malicious wrongdoing as to involve a high degree of moral culpability making it appropriate to impose punitive damages to deter defendants from engaging in similar future conduct.

## AS AND FOR A SECOND CAUSE OF ACTION
(Negligence Per Se)

32.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 of the Amended Complaint as if set forth fully herein.

33.     As a result of defendant's unlawful actions alleged above, defendant violated Public Health Law § 2307, which states "[a]ny person who, knowing himself or herself to be infected with an infectious venereal disease, has sexual intercourse with another shall be guilty of a misdemeanor."

34. As a person who was not infected with a venereal disease prior to her interaction with defendant, plaintiff was a member of the class of persons that Public Health Law § 2307 was enacted to protect.

35. As a result of defendant's violation of Public Health Law § 2307, plaintiff suffered an injury that the statute was enacted to prevent; namely, the knowing exposure and transmission of venereal diseases by infected persons to uninfected persons.

36. Defendant has no legally recognized excuse for his violation of Public Health Law § 2307.

37. As such, defendant owed a duty to plaintiff that was prescribed by Public Health Law § 2307, which he knowingly breached.

38. By reason of the defendant's aforesaid conduct and as a direct and proximate result thereof, plaintiff contracted genital herpes from defendant causing laintiff to become sick and to suffer severe physical pain and emotional distress.

39. By reason of the defendant's aforesaid conduct, and as direct and proximate result thereof, the plaintiff was forced to, and did, seek the care and treatment of health care practitioners.

40. The plaintiff is informed and believes, and on the basis of such information and belief alleges, that the need for such care and treatment of health care practitioners will continue into the future and for the remainder of her life.

41. Defendant acted intentionally with malice or in the wanton disregard of plaintiff's safety and well-being, which amounts to such gross misconduct, willful fraud and deceit, and malicious wrongdoing as to involve a high degree of moral culpability making it appropriate to impose punitive damages to deter defendants from engaging in similar future conduct.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

42.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 of the Amended Complaint as if set forth fully herein.

43.     That defendant knowingly and willfully withheld knowledge of his venereal disease from plaintiff and engaged in a sexually active relationship with plaintiff constituting extreme and outrageous conduct beyond the reasonable bounds of decency tolerable by society.

44.     Defendant knew that his conduct would cause or disregarded the substantial probability that his conduct would cause severe emotional distress to plaintiff.

45.     As a result of defendant's extreme and outrageous conduct, plaintiff has suffered severe emotional distress as a result of being exposed to and having contracted genital herpes from defendant.

46.     Defendant acted intentionally with malice or in the wanton disregard of plaintiff's safety and well-being, which amounts to such gross misconduct, willful fraud and deceit, and malicious wrongdoing as to involve a high degree of moral culpability making it appropriate to impose punitive damages to deter defendants from engaging in similar future conduct..

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Gross Negligence)

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 of the Amended Complaint as if set forth fully herein.

48.     Defendant's unlawful conduct, as alleged above, was intentional, in reckless disregard of, or in complete indifference to the rights of plaintiff to be free from physical and emotional harm thereby constituting gross negligence.

49. By reason of the defendant's aforesaid conduct and as a direct and proximate result thereof, plaintiff contracted genital herpes causing plaintiff to become sick and to suffer severe physical pain and emotional distress.

50. By reason of the defendant's aforesaid conduct, and as direct and proximate result thereof, the plaintiff was forced to, and did, seek the care and treatment of health care practitioners.

51. The plaintiff is informed and believes, and on the basis of such information and belief alleges, that the need for such care and treatment of health care practitioners will continue into the future and for the remainder of her life.

52. Defendant acted intentionally with malice or in the wanton disregard of plaintiff's safety and well-being, which amounts to such gross misconduct, willful fraud and deceit, and malicious wrongdoing as to involve a high degree of moral culpability making it appropriate to impose punitive damages to deter defendants from engaging in similar future conduct.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Fraud)

53. Plaintiff repeats and realleges Paragraphs 1 through 52, as if they were fully set forth herein.

54. In or around February 10, 2013, defendant made a material misrepresentation and/or omission when he told plaintiff that he did not have any venereal diseases and withheld his knowledge that he was infected with genital herpes.

55. This misrepresentation and/or omission by defendant, as alleged above, were known to be false by defendant at the time made and at all times thereafter, as defendant knew he had genital herpes.

56.     This misrepresentation and/or omission by defendant, as alleged above, were made for the purpose of inducing plaintiff to engage in sexual activity with defendant despite the fact he had a venereal disease.

57.     Plaintiff justifiably relied upon defendant's misrepresentation and/or omission because defendant stated he had been recently medically tested for venereal diseases, and had been found negative.

58.     As a result of plaintiff's justifiable reliance upon defendant's misrepresentation and/or omission, plaintiff suffered an irreparable injury when she contracted genital herpes from defendant.

59.     Had plaintiff known that the defendant's aforementioned misrepresentation and/or omission were false, plaintiff would not have engaged in a sexual relationship with defendant.

60.     By reason of the defendant's aforesaid conduct, and as a direct and proximate result thereof, plaintiff contracted genital herpes, became sick, and suffered severe physical pain and emotional distress.

61.     By reason of the defendant's aforesaid conduct and as a direct and proximate result thereof, the plaintiff was forced to, and did, seek the care and treatment of health care practitioners.

62.     The plaintiff is informed and believes, and on the basis of such information and belief alleges, that the need for such care and treatment of health care practitioners will continue into the future for the remainder of her life.

63.     Defendant acted intentionally with malice or in the wanton disregard of plaintiff's safety and well-being, which amounts to such gross misconduct, willful fraud and deceit, and malicious wrongdoing as to involve a high degree of moral culpability making it appropriate to impose punitive damages to deter defendants from engaging in similar future conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a. An Order awarding monetary damages to plaintiff for past and future medical expenses resulting from defendant's tortious conduct in an amount to be proven at trial;

b. An Order awarding monetary damages to plaintiff for past and future incidental expenses resulting from defendant's tortious conduct in an amount to be proven at trial;

c. An Order awarding monetary damages compensating plaintiff for her pain and suffering; severe emotional distress; mental anguish; embarrassment and humiliation; and loss of enjoyment of life resulting from defendant's tortious conduct in an amount to be proven at trial;

d. An Order awarding punitive damages to plaintiff in an amount to be determined by the jury at trial;

e. An Order awarding pre-judgment and post-judgment interest on all amounts awarded to the fullest extent of the law; and

f. Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.


Dated:  September 20, 2013                    **LEVINE & BLIT, PLLC**

_____
Matthew J. Blit
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 3601
New York, NY 10118
Phone: (212) 967-3000
Fax:    (212) 967-3010
mblit@levineblit.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

ANONYMOUS,

               Plaintiff,

  -against-

ARNOLD H. SIMON,

               Defendant.

------------------------------------------------------------------x

Civil Action No.
13 Civ. 2927

**FIRST AMENDED COMPLAINT**

---

# FIRST AMENDED COMPLAINT

---

**LEVINE & BLIT, PLLC**
*Attorney(s) for Plaintiff*
350 Fifth Avenue - Suite 3601
New York, New York 10118
Tel: (212) 967-3000
Fax: (212) 967-3010

---

To:

The Berkman Law Office, LLC
Robert J. Tolchin, Esq.
111 Livingston Street, Suite 1928
Brooklyn, NY 11201