UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ANONYMOUS,

                Plaintiff,

  - against -

ARNOLD H. SIMON,

                Defendant.

------------------------------------------X

13 Civ. 2927 (RWS)

OPINION

A P P E A R A N C E S:

    Attorneys for the Plaintiff

    ROBERT JOSEPH TOLCHIN
    225 Broadway
    New York, NY 10007
    By:  Robert J. Tolchin, Esq.

    Attorneys for the Defendant

    LEVINE & BLIT, PLLC
    Empire State Building
    350 Fifth Avenue
    New York, NY 10118
    By:  Matthew Blitt, Esq.

1

**Sweet, D.J.**

Defendant Arnold Simon ("Defendant" or "Simon") has moved via letter to restore for consideration Defendant's motion to compel Plaintiff Anonymous ("Plaintiff" or "Anonymous") to file an amended complaint containing her name as required by the Fed. R. Civ. P. 10. Defendant has also moved to dismiss the First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendant's motions to restore for consideration is granted, and Defendant's motions to compel and dismiss are granted.

**Prior Proceedings**

This action was initiated by the Plaintiff in the Supreme Court, County of New York, in the State of New York, in March 2013 alleging that Defendant engaged in unprotected sexual intercourse with Plaintiff despite knowing that he was infected with Herpes Simplex II ("HSV-II"), and that Plaintiff contracted HSV-II as a result of her sexual encounter with Defendant. Defendant removed the action to federal court on May 1, 2013 on the basis of diversity.

2

On May 6, 2013, Defendant moved to compel Plaintiff to file an amended complaint containing her actual name pursuant to Fed. R. Civ. P. 10. Two days later, on May 8, 2013, Defendant filed a motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6). On September 18, 2013, Defendant's motion to dismiss was granted and Defendant's motion to compel was denied as moot in an opinion (the "September 2013 Opinion"). The September 2013 Opinion granted Plaintiff leave to replead, and on September 23, 2013, the Plaintiff filed the First Amended Complaint ("FAC").

Defendant submitted a letter on September 24, 2013, moving the court to reconsider its motion to compel Plaintiff to file an amended complaint. The parties submitted briefing on this motion, and oral arguments were held on October 9, 2013. The motion was marked fully submitted on the same day.

Defendant moved to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) on November 14, 2103. This notion was heard and marked fully submitted on January 22, 2014.

**Discussion**

   *a. The FAC Violates Rule 10*

3

Fed. R. Civ. P. 10(a) requires that "[t]he title of the complaint must name all the parties." Courts have permitted parties to appear under pseudonyms or with their names filed under seal. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008). When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. Id. at 189. Sealed Plaintiff identified ten factors to consider when determining whether a plaintiff can proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest

4

>       in knowing the litigants' identities; and (10) whether
>       there are any alternative mechanisms for protecting
>       the confidentiality of the plaintiff.

Id. at 189-90 (internal quotations and citations omitted).

As an initial matter, given that Plaintiff has filed its FAC which continues to name Plaintiff "Anonymous," reconsideration of Defendant's motion to compel Plaintiff to file an amended complaint containing her name is appropriate at this time.

It is apparent that Defendant will be prejudiced if Plaintiff is allowed to continue to press her claims anonymously. Plaintiff has sought to proceed anonymously because her allegation that she contracted HSV-II could be perceived as embarrassing or place her under a stigma which, if publicly disclosed, is "highly sensitive and [of a] personal nature." Id. at 189. But Plaintiff alleges that she contracted HSV-II from Defendant, and the FAC publicly discloses "highly sensitive" information about Defendant that is of a "personal nature," instead of making both Plaintiff and Defendant anonymous. Plaintiff has also given an interview to the New York Post about her claims, in which she names Defendant but keeps her own identity anonymous. Plaintiff's allegations and public comments

5

embarrass Defendant and place him under the same stigma that concerns Plaintiff.

The other <u>Sealed Plaintiff</u> factors do not tip the scales in Plaintiff's favor. On one hand, the litigation involves matters that are highly sensitive and of a personal nature, identification does pose a conceivable risk of retaliatory physical or mental harm to the Plaintiff, and Plaintiff's identity has been kept confidential thus far. On the other hand, identification would not pose other harms to Plaintiff, Plaintiff is not particularly vulnerable to the possible harms particularly in light of her age, the suit is not challenging the actions of the government or that of private parties, and Defendant is prejudiced by allowing the Plaintiff to press her claims anonymously in the same manner that concerns Plaintiff. Balancing all of the factors, Defendant's prejudice caused by keeping Plaintiff anonymous outweighs Plaintiff's own interest in anonymity.

Although Plaintiff's allegations contains information which is "highly sensitive" and of a "personal nature", the prejudice to Defendant to maintain Plaintiff's anonymity while he is exposed to the embarrassment and stigma Plaintiff wishes to protect herself of unfairly prejudices Defendant in a manner

6

that outweighs Plaintiff's own interest in anonymity. As such, Defendant's motion to compel is granted.

### b. *Defendant's Motion to Dismiss Is Granted*

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . .'" Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible 'on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Though the Court must accept the

7

factual allegations of a complaint as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S. Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

Plaintiff alleges that fourteen days after her first sexual intercourse with Defendant, Plaintiff's physician told her that she was suffering from an initial outbreak of HSV-II. (FAC ¶¶ 11, 16-18.) Plaintiff further alleges that she had no sexual partners other than Defendant from when she first had intercourse with Defendant to when she suffered from an outbreak of HSV-II. Plaintiff has also submitted a laboratory blood test taken on February 25, 2013, in which she tests positive for HSV-II by DNA-probe and negative by serologic (antibody) test, which indicates that the HSV-II infection was a first-time infection, (see Pl. Opp. Br., Ex. A).

Defendant has submitted a laboratory blood test taken on May 5, 2013 indicating that Defendant has tested negative for HSV-II. (Def. Br. Ex. B.) Defendant has also submitted a declaration from Dr. Jeffrey Greene, an infection disease specialist at NYU Medical Center, stating that it is medically impossible for Plaintiff to have contracted HSV-II from Defendant. "In adjudicating a Rule 12(b)(6) motion, a district

8

court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. v. Israel Discount Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted). If the court were to consider documents outside of the pleadings, then the motion must be treated as a motion for summary judgment and all parties would have to be given a reasonable opportunity to present all material pertinent to the summary judgment motion. Fed. R. Civ. P. 12(d); Leonard, 199 F.3d at 107. The court declines to convert this 12(b)(6) motion to one of summary judgment at this time.

Based solely on Plaintiff's allegations in the FAC, it is plausible that Plaintiff contracted HSV-II from Defendant. Plaintiff alleges that "she was not infected with [HSV-II] prior to the commencement of her relationship with Defendant," that "her prior tests for sexually transmitted diseases came up negative," she had never experienced the symptoms of genital herpes," and her only sexual partner for at least the last year prior to her test for HSV-II was Defendant. (FAC ¶¶ 12, 15-18, 20-22, 25.) Moreover, Plaintiff alleges that she was told by her treating physician she was experiencing an initial outbreak

9

caused by her most recent sexual partner, (id. ¶ 18), and that she tested positive for HSV-II by DNA-probe but negative by serologic (antibody) test, which indicates that the HSV-II infection was a first-time infection, (see Pl. Opp. Br., Ex. A).[1]

Plaintiff, however, has failed to properly allege that Defendant "was knowingly afflicted with genital herpes" and "knowingly withheld information concerning his venereal disease." (FAC ¶¶ 23-24 (emphasis added).) Plaintiff makes these allegations as mere conclusory statements, and has provided no further factual support or allegations that Defendant had or should have known of an infection and knowingly declined to tell Plaintiff of this infection. Thus, while Plaintiff's allegations certainly render it conceivable that she contracted HSV-II from Defendant, the FAC lacks the factual support that is necessary to "nudge[] [Plaintiff's claims] across the line from conceivable to plausible." Twombly, 550 U.S. at 570; see also Hopper v. Banana Republic, LLC, No. 07 Civ. 8526(WHP), 2008 WL 490613, at *2 (S.D.N.Y. Feb. 25, 2008) (dismissing negligence claim for containing "only speculative and implausible facts concerning . . . Defendants' knowledge"); Haybeck v. Prodigy Services Co., 944 F. Supp. 326, 332 (S.D.N.Y. 1996) (negligence

---

[1] Plaintiff's DNA Probe and serologic (antibody) test is incorporated via reference in the FAC.

10

claim dismissed where plaintiff did not sufficiently allege that defendant knew employee was HIV positive and was concealing his HIV status from his sex partners).

Since the FAC "lacks [the] factual support sufficient to meet the Twombly/Iqbal standard of plausibility," it fails to state a claim against Defendant. Drarakis v. ABM Janitorial Svcs.-Ne., Inc., No. 09 Civ. 1884 (LTS), 2011 WL 1219843, at *7 (S.D.N.Y. Mar. 24, 2011); see also Fahs Const. Group, Inc. v. Gray, No. 10 Civ. 0129 (GTS/DEP), 2012 WL 2873532, at *3 (N.D.N.Y. July 12, 2012) ("As the Supreme Court noted in the analogous situation in Twombly, Plaintiff must allege facts plausibly suggesting a plausible claim in order to proceed to discovery and cannot rest its Amended Complaint on the mere hope that the discovery process will provide necessary facts to support its claim.").

Defendant has also raised the doctrine of "assumption of risk" as grounds for dismissal. The doctrine of "assumption of risk" was abolished by the New York State Legislature as an absolute bar to recovery. See N.Y. C.P.L.R. § 1411. The New York Court of Appeals has allowed the narrow use of the defense for "sports and recreational activities." Trupia v Lake George Cent. School Dist., 14 N.Y.3d 392, 927 N.E.2d 547 (NY 2010). Defendant

11

contends that the assumption of risk doctrine should be extended to consensual sex as a "recreational activity." (Def. Br. at 6-9.)

The Court of Appeals has urged discretion in applying the assumption of risk doctrine: "As a general rule, application of assumption of the risk should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues." Custodi v. Town of Amherst, 20 N.Y.3d 83, 89, 980 N.E.2d 933 (N.Y. 2012). The court is not aware of, and neither Plaintiff nor Defendant has provided, any case post-Custodi where the "assumption of risk" doctrine was applied to consensual sexual activity. Moreover, sexual activities are generally not engaged in as organized events or at designated venues. Given the Court of Appeal's narrow construction of the doctrine, the court declines to extend the assumption of risk doctrine as a defense to consensual sexual activity.[2]

---

[2] The court recognizes that Doe v. Roe, 598 N.Y.S.2d 678 (N.Y. Justice Ct. 1993), applied the assumption of risk doctrine to unprotected sex. Id. at 681 ("A person assumes the risk where he voluntarily subjects himself to a peril known to him or generally observable by a person of ordinary prudence in his situation. In the same vein, persons who engage in unprotected sex, at a time of the prevalence of sexually transmitted diseases, including some that are fatal, assume the risk of contracting such diseases. Both parties in an intimate relationship have a duty to adequately protect themselves. When one

12

All of Plaintiff's claims allege knowledge by Defendant that he was infected with HSV-II. (<u>See</u> FAC ¶¶ 27-63.) As concluded above, Plaintiff has failed to adequately state this allegation. Given such, Defendant's motion to dismiss is granted.

**Conclusion**

Given the reasoning above, Defendant's motion to restore for consideration is granted, Defendant's motion to compel Plaintiff to file an amended complaint containing her name is granted, and Defendant's motion to dismiss is granted. The FAC is dismissed with leave to replead within twenty days.

It is so ordered.

New York, NY
February 25, 2014

_____
ROBERT W. SWEET
U.S.D.J.

---

ventures out in the rain without an umbrella, should they complain when they get wet?") (citation omitted). But this case is pre-<u>Custodi</u>, and the Court of Appeal's more narrow interpretation of the doctrine is binding.